Bullard, J.
This case was before us last year, and was remanded for a new trial. 11 Rob. 233. That trial resulted in a final judgment for the defendant, and the plaintiffs appealed.
The caséis now fairly before us upon its merits ; and the question is, which party has the best title to the land in controversy.
The plaintiffs trace back their title to an inchoate grant, in 1767, made by the French Commandant of Pointe Coupée, in favor of Pierre Perreault. The tract petitioned for is described by the grantee to be on the point of False River, on the bank of the Mississippi on one side, of forty arpents front, with the depth which it may have, (sur la profondeur qu’il pourra y porter,) and as there is no depth, he asks for forty arpents front. At the foot of the petition the Commandant says, that he grants the land subject to the good pleasure of the Governor, on condition that the land shall be visited, and if it should appear that it has forty arpents in depth, that is to say, if it can be worked on with out going into the water, he accords the forty arpents, and the rest shall remain a part of the domain.
Nothing more appears to have been done to perfect the grant to Perreault; but his claim was afterwards confirmed by act of Congress.
The defendant’s title is based upon an order of survey by Governor Gayoso, dated February 14th, 1799, upon the petition of Jean Moliere, in which he asks for a grant of 800 arpents of Cypress swamp, (Cypriera,) in the District of-Pointe Coupée, at *591 •a distance of two leagues and a half from the fort or ancient redoubt down the river, bounded on the south by lands surveyed in favor of Stephen Watts. The next year, (1800,) this first decree was followed by a survey approved and certified by Trudeau, the Surveyor General of the province. The figurative plan annexed to that survey shows, that the land is bounded below by Watts, and runs back to a line dividing the point formed by a bend of the river, below the lower mouth of False River, into about equal parts, according to the usage of Spanish surveyors.
The title of Moliere has been confirmed; and the location of it by the Land Department of the United States conforms to Trudeau’s survey, and that survey appears to be in conformity to the calls of the title. It is further shown, that the defendant, and those under whom he holds, have been in possession for a long 'time according to the location under the authority of the United States.
The title of the plaintiffs, on the other hand, is somewhat vague in its terms, and does not necessarily cover that part of the land claimed by the defendant, with which it is alleged to conflict. It is not shown to have been surveyed before the change of government, nor to have been located since under the confirmation by Congress, so as to conflict with the tract granted to Moliere. It'is however contended, that the plaintiffs have acquired title by prescription ; but we concur with the court below in opinion upon this point, that they have not shown that open, unequivocal; public, and uninterrupted possession, which is required to give them title by prescription.
It is questionable, whether either of the primitive titles under which the parties hold was valid. That of the plaintiffs in 1797, was by a Commandant of a post expressly subject to the approbation of the Governor, which is not shown, and without any survey or putting in possession. The order of survey in favor of Moliere by Gayoso de Lemos, was given the day after the notification to him of the royal cédula, depriving the Governor of authority to grant lands, and vesting it exclusively in the Intend-ant. Laying both the primitive titles out of view, and assuming that both confirmations took place at the same time, the location by the United States until changed must prevail. The defendant *592 holds iu conformity to that location. Not only the title of the de? fendant is the most certain and explicit, but we concur in opinion with the District Court, that the defendant, holding under the confirmation, and in conformity to the location by the Surveyor General, lias been in quiet and uninterrupted possession for a sufficient length of timé to have acquired title by prescription.

Judgment affirmed.